**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Michael Gordon, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Leann K. Bertsch, Director, et. al., | ) | Case No. 1:15-cv-026 |
| | ) | |
| Defendants. | ) | |

## I. BACKGROUND

Plaintiff Michael Gordon ("Gordon") is a prisoner serving a federal sentence. He initiated this action while being housed at the North Dakota State Penitentiary ("NDSP"). He has since been removed from the NDSP, presumably by federal prison officials, and is now being incarcerated at the Mississippi State Penitentiary at Parchman, Mississippi.

Initially, Gordon filed several pleadings. The undersigned determined the operative pleading to be the one entitled First Amended Complaint and screened that pleading pursuant to 28 U.S.C. § 1915A . In the First Amended Complaint, Gordon sought to sue twenty-six named defendants and six unnamed defendants for: (1) several Eighth Amendment claims of deliberate indifference with respect to his medical care; (2) a First Amendment claim for restrictions upon prisoner communications; (3) a multitude of retaliation claims alleged to be in violation of the First Amendment and the right to due process; (4) an equal protections claim related to alleged unequal treatment of prisoners held in different cell blocks in terms of the privileges extended to the prisoners; (5) a claim of denial of access to the courts; and (6) a due process claim with respect to the pricing of items for sale in the prison commissary.

1

On October 30, 2015, the undersigned issued a report and recommendation which recommend that Gordon be permitted to proceed with respect to: (1) all of his Eighth Amendment deliberate indifference claims, but only as to defendants Dr. John Hagan and Jessica Wilkens; and (2) a few of his retaliation claims, but only as to defendants Todd Flanagan, Steve Heit, and Steve Foster. The undersigned further recommended that the remainder of the claims and defendants be dismissed without prejudice unless Gordon submitted a second amended complaint addressing the deficiencies noted in the report and recommendation.

Gordon has now filed a Second Amended Complaint in which he has made some changes in response to the undersigned's earlier report and recommendation. Notably, he has pared down his lawsuit by eliminating several of his claims; he now seeks to sue only on his claims of deliberate indifference and retaliation and the scope of each of those has been somewhat reduced. Further, he has eliminated a few of the named defendants, although he still seeks to sue twenty-two named defendants and a number of unknown federal and state persons. Finally, Gordon expanded his retaliation claims to include an allegation that his transfer out of the NDSP was dictated by defendant Steve Foster in retaliation for his having exercised his First Amendment and due process rights. This claim was not included in his initial pleadings which were filed while he was still at the NDSP.

What follows is a screening of the Second Amended Complaint filed at Doc. No. 30. And, rather than repeat all of what was in initial screening, this report and recommendation incorporates and supplements what was in the earlier one at Doc. No. 28 to the extent it still has bearing upon what is now being alleged in the Second Amended Complaint.

## II. DISCUSSION

### A. Eighth Amendment claims

In his Second Amended Complaint, Gordon alleges the following claims of deliberate indifference as to his allegedly serious medical needs:

1. the failure to provide him a colonoscopy in light of his risk for colon cancer;
2. inadequate treatment for Hepatitis C;
3. inadequate treatment for allegedly very painful shoulder problems; and
4. inadequate treatment for allegedly very painful back problems.

Gordon alleged the same claims in his prior complaint along with one other related to an eye condition, which he appears to have dropped from this complaint.

The persons that Gordon is seeking to sue on his deliberate indifference claims are:

1. Eleven present or past employees of the NDSP, including Dr. Hagan and RN Wilkens;
2. Karen Jussila, who is alleged to be Gordon's federal case manager and presumably an employee of the Federal Bureau of Prisons;
3. Leann Bertsch who is the Director of the North Dakota Department of Corrections and Rehabilitation ("NDDOCR"), which is responsible for the operation of all of the State's correctional facilities, including the NDSP; and
4. an unknown federal medical director and five unknown federal medical doctors.

In the earlier report and recommendation, the undersigned recommended that Gordon be permitted to proceed with his deliberate indifference claims but only with respect to defendants Hagan and Wilkens. While the allegations against Hagan and Wilkens border upon being formulaic

and lacking in specificity as to what in particular each of the defendants did, at least with respect to these two defendants there is the inference that can be drawn that the alleged denials of medical care are attributable to their actions, given the fact that they allegedly were involved in providing Gordon with medical care. Given that Gordon is proceeding *pro se*, the undersigned concludes that Gordon has pled just enough to allow the four deliberate indifference claims as outlined above to go forward to these two defendants.

The same cannot be said for the remaining defendants. While it may be that one or more of these persons were also involved in the alleged denial of medical care, Gordon's conclusory and formulaic allegations of their personal involvement are insufficient to make out claims with respect to them that are plausible on their face.

Consequently, for all of these reasons and based on the authority cited in the earlier report and recommendation, the undersigned continues the recommendation that Gordon be permitted to proceed with his deliberate indifference claims but only as to defendants Hagan and Wilkens - at least as of this point. If, as the lawsuit progresses, Gordon is able through discovery to produce information that one or more other persons were directly involved in the alleged denial of his medical care in a manner that would make out a plausible deliberate indifference claim (including some evidence that the particular person had responsibility for his medical care and had the authority to direct that he be given the level and type of care he claims he was denied), he can at that point then seek leave to amend his pleadings to include such other person or persons as an additional party defendant(s).

**B.     Retaliation claims**

In reviewing the Second Amended Complaint, it appears that Gordon has somewhat pared

4

down his claims of retaliation, both in terms of the number of defendants he is seeking to sue and also with respect to the number of particular acts of claimed retaliation. Further, with respect to certain persons that the undersigned earlier recommended not be included as defendants, Gordon has tweaked his allegations, ever so slightly, in an attempt to state cognizable retaliation claims.

While the undersigned is highly skeptical that the ever-so-slight change in wording of the allegations as to several of the defendants is based on substance and while a number of the allegations still border on being formulaic and conclusory, the undersigned concludes Gordon has pled just enough for a *pro se* pleader to allow his present claims of retaliation to go forward at this preliminary stage.[1] Further, even though Gordon continues to express these claims as alleged violations of due process in addition to being a denial of his First Amendment rights, notwithstanding that he likely does not have any standalone due process claims for the reasons expressed in the earlier screening, what is critical at this point is that the allegations are sufficient (even if barely so) to state at least one theoretical violation of his constitutional rights as to each of the defendants.

### C. Claims against unnamed federal and state defendants

Gordon also seeks to assert claims against a number of unnamed federal and state defendants. At this point, the inclusion of the allegations has no substantive effect since the only claims that Gordon is making are claims for damages against these unnamed persons in their individual capacities. And, before Gordon would be able to proceed against any unnamed persons in their

---

[1] Unlike many of his deliberate indifference allegations, Gordon has pled with respect to each defendant some facts, albeit minimal. Further, he has directed the allegations to specific alleged acts of retaliation with enough specificity (both in terms of substance and specific dates) to identify them. Finally, several of the defendants are being sued for participating in the same act of retaliation and, in deciding to allow those claims to go forward, the totality of the allegations are considered.

individual capacities after he has identified them, Gordon would have to obtain court approval for them to be specifically named and would have to go through the process of having them personally served. Consequently, there is no need at this point to include any unnamed state or federal defendants.

### III.   RECOMMENDATION

The undersigned recommends:

1. Gordon be permitted to proceed as to defendants Dr. John Hagan and Jessica Wilkens in their individual capacities only with respect to the following Eighth Amendment deliberate indifference claims:

    (a)   failure to provide him a colonoscopy in light of his risk for colon cancer;

    (b)   inadequate treatment for Hepatitis C;

    (c)   inadequate treatment for allegedly very painful shoulder problems; and

    (d)   inadequate treatment for allegedly very painful back problems.

2. Gordon be permitted to proceed against defendants Todd Flanagan, Mark Schwer, Corky Stromme, Cory Wald, Steve Heit, Craig Thuerer, Justin Helgeson, Jamie Pederson, Jody Kulman, Paul Belisle, and Steve Forster, all in their individual capacities only, with respect to the claims of retaliation out in paragraphs 65-78 of the Second Amended Complaint.

3. Any defendants or claims not covered by the foregoing be dismissed without prejudice and that the caption of this action be amended so that the named defendants would be only the following: Dr. John Hagan, Jessica Wilkens, Todd Flanagan, Mark Schwer, Corky Stromme, Cory Wald, Steve Heit, Craig Thuerer, Justin

Helgeson, Jamie Pederson, Jody Kulman, Paul Belisle, and Steve Foster.

4. The Clerk's office be ordered to effectuate service of the summons and the Second Amended Complaint upon the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure and, if necessary, that the service be made by the United States Marshals Service.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 25th day of January, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court