# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Michael Gordon, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1-15-cv-26 |
| Leann K. Bertsch, Director, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the Defendants' "Motion for Reconsideration," wherein the Defendants ask the court to revisit its previous order allowing Plaintiff Michael Gordon ("Gordon") additional time to file his response regarding the Defendants' motion for summary judgment. (Doc. No. 86). The Defendants moved for summary judgment on May 31, 2017. (Doc. No. 65). Upon Gordon's motion, the court granted him until August 21, 2017, to file his response. (Doc. No. 81).

On September 21, 2017, Gordon again moved for additional time to respond to the motion for summary judgment. (Doc. No. 82). In the motion, Gordon represented he had not been able to timely prepare his response because he was placed in a special housing unit and was not in possession of his legal paperwork. He requested until October 21, 2017, to file his response. The court granted the motion. (Doc. No. 83). In the current motion, the Defendants ask the court to reconsider its latest order because Gordon misrepresented his situation. (Doc. No. 86). Specifically, the Defendants include an affidavit from Gordon's case manager indicating his placement in the special housing unit had no impact on his ability to obtain his legal paperwork. (Doc. No. 86-1).

After consideration, the court is not inclined to revisit its prior order. (Doc. No. 83). First, the court notes the Defendants' motion for summary judgment is nearly forty pages long and contains

various exhibits containing hundreds of pages. (Doc. Nos. 64-79). Preparing a response to this motion would be time consuming under the best of circumstances, let alone for someone in confinement. Additionally, the court notes the Defendants have not sought to invoke D.N.D. Civ. L. R. 7.1(F) to preclude Gordon's response to the motion despite Gordon being tardy on multiple instances before the court granted him additional time to respond. See Cincinnati Ins. Co. v. B & B Paving, Inc., Case No. 1-16-cv-340, 2017 WL 4246865 at *2 (D.N.D. September 25, 2017) (noting untimeliness under the local rules may preclude the opportunity to respond to a motion). That said, the court understands the frustration with the delay in Gordon's response. The court will consider the information provided in the current motion if Gordon seeks additional time to file his response, at which point he will have to show exceedingly good cause for any further extension.

On the foregoing, the Defendants' "Motion for Reconsideration" (Doc. No. 86) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2017.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court